THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY PETERMON, #M24669,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:20-cv-00406-GCS |
| ) | |
| **BRYAN L. PURDUE,** ) | |
| **JEFFREY BICE,** ) | |
| **JANA K. CARIE,** ) | |
| **KEVIN KINK,** ) | |
| **SHANAE B. MAYBERRY,** ) | |
| **PATTY SNEED,** ) | |
| **MARY WEAVER,** ) | |
| **JOHN BALDWIN,** ) | |
| **DARREN N. WILLIAMS,** ) | |
| **and LT. OCHS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

This matter is before the Court for case management. The Court dismissed Plaintiff Timothy Petermon's original Complaint (Doc. 1) upon threshold review, concluding that it failed to state a claim upon which relief may be granted. (Doc. 11). Plaintiff, a state prisoner, was instructed that he may file an amended complaint no later than March 30, 2021 to re-plead his retaliation claim in Count 1 against Defendant Purdue. (Doc. 11, p. 14-15). In order to overcome the bar to that claim under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff must demonstrate that the allegedly false disciplinary report of October 2, 2018, which resulted in the revocation of good conduct credits, has been invalidated or expunged. (Doc. 11, p. 5-7, 14).

Plaintiff was warned that if he failed to file an amended complaint by March 30,

2021, this case would be dismissed. (Doc. 11, p. 15). The March 30th deadline has now passed, and Plaintiff has not submitted an amended complaint or any other communication regarding his case. Accordingly, this case will be dismissed.

**IT IS HEREBY ORDERED** that this Section 1983 action is **DISMISSED** for failure to prosecute. *See* FED. R. CIV. PROC. 41(b). Because Plaintiff's retaliation claim in Count 1 appears to be *Heck*-barred, the dismissal is **without prejudice**. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011). *See also Hill v. United States*, 762 F.3d 589, 591 (2014)(noting that court should explain why dismissal for failure to prosecute should be without prejudice to overcome the presumption that such dismissal is with prejudice); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

The Court determined that if not for the *Heck* bar, Plaintiff's retaliation claim could survive initial review under 28 U.S.C. § 1915A. (Doc. 11, p. 5-7). Accordingly, the Court does **NOT** count this dismissal as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be non-meritorious,

Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: April 19, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.19 10:53:25 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**